IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| USABLE LIFE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DIANA FISHER; ) | |
| BRAIDEN A. ANDERSON, a minor; ) | Case No. 11-06012-CV-DGK |
| MAKAYLA LEE BANKS, a minor; ) | |
| DALLAS MICHAEL CASTLEMAN, a minor; ) | |
| SHANE TAYLOR HARLESS-BANKS, a minor; ) | |
| DANICA LEANN HARLESS-BANKS, a minor; ) | |
| SHELBY JO HUNT, a minor; ) | |
| JORDON SCOTT LOPEZ, a minor; ) | |
| AUSTIN THOMAS, a minor; ) | |
| JULIA L. RUPP and J.L. ROBERTSON ) | |
| d/b/a/ RUPP FUNERAL HOME ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**

This case is an interpleader action to determine who is entitled to the benefits of decedent Danny Lee Bank's life insurance policy. Now before the Court is Plaintiff USAble Life Company's ("USAble") Motion for Attorneys' Fees and Costs (Doc. 43). USAble requests that $1,000.00 of the interpleaded funds be disbursed to its attorneys as costs which were reasonable and necessarily incurred by USAble in prosecuting this action.

USAble contends the Court may award attorneys' fees and costs under Fed. R. Civ. P. 54(d) and 29 U.S.C. § 1132 because this action concerns entitlement to benefits under a group life insurance plan governed by the Employee Retirement Income Security Act of 1974 ("1974), 29 U.S.C. § 1001, *et seq*. USAble notes that a sister court in another circuit has held that

> the decision to award attorneys' fees and costs to a stakeholder in an interpleader action is left to the court's sound discretion. Where the stakeholder is disinterested, i.e., does not claim any right to the fund, concedes its liability in full, deposits the fund in court, seeks

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| USABLE LIFE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DIANA FISHER; ) | |
| BRAIDEN A. ANDERSON, a minor; ) | Case No. 11-06012-CV-DGK |
| MAKAYLA LEE BANKS, a minor; ) | |
| DALLAS MICHAEL CASTLEMAN, a minor; ) | |
| SHANE TAYLOR HARLESS-BANKS, a minor; ) | |
| DANICA LEANN HARLESS-BANKS, a minor; ) | |
| SHELBY JO HUNT, a minor; ) | |
| JORDON SCOTT LOPEZ, a minor; ) | |
| AUSTIN THOMAS, a minor; ) | |
| JULIA L. RUPP and J.L. ROBERTSON ) | |
| d/b/a/ RUPP FUNERAL HOME ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**

This case is an interpleader action to determine who is entitled to the benefits of decedent Danny Lee Bank's life insurance policy. Now before the Court is Plaintiff USAble Life Company's ("USAble") Motion for Attorneys' Fees and Costs (Doc. 43). USAble requests that $1,000.00 of the interpleaded funds be disbursed to its attorneys as costs which were reasonable and necessarily incurred by USAble in prosecuting this action.

USAble contends the Court may award attorneys' fees and costs under Fed. R. Civ. P. 54(d) and 29 U.S.C. § 1132 because this action concerns entitlement to benefits under a group life insurance plan governed by the Employee Retirement Income Security Act of 1974 ("1974), 29 U.S.C. § 1001, *et seq*. USAble notes that a sister court in another circuit has held that

> the decision to award attorneys' fees and costs to a stakeholder in an interpleader action is left to the court's sound discretion. Where the stakeholder is disinterested, i.e., does not claim any right to the fund, concedes its liability in full, deposits the fund in court, seeks

> discharge, and does not appear to the court to be culpable, it is appropriate and equitable to allow fees and costs from the fund.

*Irwin v. Principal Life Ins. Co.*, 404 F. Supp. 2d 1271, 1278 (D. Kan. 2005) (internal quotations and citations omitted). USAble contends its request is "more than reasonable" because it is requesting a fraction of the fees and costs it has incurred, and these fees and costs were necessary to bring this interpleader action. USAble also observes it incurred significant costs in obtaining service on the large number of potential claimants in this action.

The Court declines to award USAble any attorneys' fees or costs in this matter. While the request is not unreasonable in the abstract, the Court believes granting it would be unwise on the facts of this particular case. It is almost axiomatic that an insurance company selling group life insurance policies such as USAble will, on occasion, have to file an interpleader action to determine who is entitled to the benefits of a policy. It is a foreseeable business expense. While USAble's attorneys have done their job well here, given the relatively small amount of money that remains to be distributed in this case, approximately $14,000, and the number of individuals who may be entitled to a portion of this money, up to nine, the Court finds it is not appropriate or equitable to reimburse USAble for what is essentially its cost of doing business.

Accordingly, the motion (Doc. 43) is DENIED.

**IT IS SO ORDERED.**

Date:  September 20, 2012                             /s/ Greg Kays
                                                           GREG KAYS, JUDGE
                                                           UNITED STATES DISTRICT COURT